**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2099**

---

U.S. COMMODITY FUTURES TRADING COMMISSION,

            Plaintiff - Appellee,

      v.

NEAL E. HALL, d/b/a SHOWMEMYFUTURE.COM,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Senior District Judge.  (1:11-cv-00434-JAB-LPA)

---

Submitted:  November 30, 2015          Decided:  December 9, 2015

---

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David W. McDonald, HICKS, MCDONALD & NOECKER, LLP, Greensboro,
North Carolina, for Appellant.  Jonathan L. Marcus, General
Counsel, Robert A. Schwartz, Deputy General Counsel, Nancy R.
Doyle, Martin B. White, Assistant General Counsel, UNITED STATES
COMMODITY FUTURES TRADING COMMISSION, Washington, D.C., for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States Commodity Futures Trading Commission ("CFTC") brought this suit against Neal E. Hall, alleging that Hall improperly acted as a commodity trading advisor ("CTA") in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 6m(1) (2012), and its regulations, 17 C.F.R. § 4.41(a)(3), (b)(1) (2015). The district court adopted the recommendation of the magistrate judge, granted summary judgment to CFTC, and imposed a permanent injunction and a monetary penalty in the amount of $210,000.[1] We affirm.

As an initial matter, we find that Hall failed to preserve several of the claims he raises on appeal. "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Although Hall's

---

[1] Hall argues that the amended judgment could be read as granting judgment in his favor. The district court's order granting CFTC's motion for summary judgment granted CFTC monetary and injunctive relief. The amended judgment stated that pursuant to this order, CFTC's motion for summary judgment was granted and the case was dismissed. Hall argues that the amended judgment's use of the term "dismissed" means that CFTC was awarded no relief. We disagree with this interpretation, which contradicts the district court's indisputable intention to award CFTC relief, and find that the amended judgment incorporates the relief provided in the summary judgment order.

2

objections stated generally that the information on his website was protected speech and that the magistrate judge's interpretation of the 17 C.F.R. § 4.14(a) (2015) exemptions violated his right to free speech, he did not assert his present arguments that § 6m(1)'s registration requirement constituted an improper prior restraint on his speech and that the disclaimers required by § 4.41 constituted compelled speech.[2]   Likewise, Hall's objections did not assert his present claims that the magistrate judge improperly relied on allegedly involuntary inculpatory statements and that the relief recommended by the magistrate judge was excessive.   Finally, although Hall challenged the magistrate judge's denial of an exemption under 17 C.F.R. § 4.14(a)(9) based on a finding that Hall needed to satisfy subsections (9)(i), (9)(ii), and (10), he did not challenge the magistrate judge's denial of an exemption under subsection (10) or the holding that Hall held himself out as a CTA under a similar provision in § 6m(1).   Because Hall did not assert these issues in his objections to the magistrate judge's

_____

[2] Hall did preserve a general argument that the magistrate judge's interpretation of § 4.14(a)(9) violated his free speech rights; to the extent he asserts this argument on appeal, we find that it is meritless because the magistrate judge's finding that Hall did not qualify for this exemption was based on Hall's conduct in performing trades on his clients' accounts rather than on his speech.  See Willis v. Town of Marshall, 426 F.3d 251, 257 (4th Cir. 2005) (holding First Amendment does not protect nonexpressive conduct).

recommendation, we find that he has waived appellate review of these claims. Midgette, 478 F.3d at 622.

Hall did preserve his argument that the district court erred by finding that he was not exempt from the CEA's registration requirement under 17 C.F.R. § 4.14(a)(9). Section 4.14(a) provides in relevant part:

> (a) A person is not required to register under the [CEA] as a commodity trading advisor if:
> . . .
>> (9) It does not engage in any of the following activities:
>> (i) Directing client accounts; or
>> (ii) Providing commodity trading advice based on, or tailored to, the commodity interest or cash market positions or other circumstances or characteristics of particular clients; or
>> (10) If, as provided for in section 4m(1) of the Act, during the course of the preceding 12 months, it has not furnished commodity trading advice to more than 15 persons and it does not hold itself out generally to the public as a commodity trading advisor.

17 C.F.R. § 4.14(a)(9), (10).

We agree with Hall that the magistrate judge erred by requiring him to satisfy both subsections (9) and (10) to qualify for an exemption.[3] However, we conclude that this error

---

[3] We note that Hall's argument below focused on his claim that he only had to satisfy either subsection (9)(i) or subsection (9)(ii). The magistrate judge correctly found that Hall had to satisfy both parts of subsection (9) to obtain an exemption under that subsection, although he erroneously extended this ruling to encompass the separate exemption provided by subsection (10).

is harmless. "[I]n order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). The magistrate judge found that Hall did not qualify for a subsection (9) exemption because he directed client accounts, not because he failed to satisfy subsection (10). Although the magistrate judge erroneously found that Hall's direction of client accounts precluded a subsection (10) exemption, the magistrate judge's finding that Hall did not qualify for an exemption under the nearly identical language of 7 U.S.C. § 6m(1) conclusively indicates that the magistrate judge would not have found that subsection (10) applied even if he had separately considered it.

Hall also argues that the magistrate judge erred by finding that he did not qualify for an exemption under § 4.14(a)(9) because he directed customer accounts. "Direct, as used in the context of trading commodity interest accounts, refers to agreements whereby a person is authorized to cause transactions to be effected for a client's commodity interest account without the client's specific authorization." 17 C.F.R. § 4.10(f) (2015). Hall admitted that his website offered "managed

accounts" or "auto trade accounts," and the evidence included correspondence he sent to his managed account holders that indicated that Hall's clients gave him general authorization to trade according to his system, and did not specifically authorize each trade.  The only evidence Hall submitted on this issue was an affidavit submitted after the magistrate judge made his recommendation, and this affidavit did not indicate whether the authorization Hall received from his clients was general or specific.  Because this evidence indicated that Hall's clients gave him general, rather than specific, authorization to conduct trades on their accounts, we find that the district court correctly granted summary judgment to CFTC.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6